## Nicholas Bernhard v. Herman Bruner and The Peru Beer Company.

1. DEED —*May be Shown to be a Mortgage.*—A deed, though absolute in form, may be shown to be a mortgage.

2. PRACTICE—*Technical Correctness—Decree for Foreclosure on Cross-bill.*—Where a deed, the subject of a bill and cross-bill, is in fact a mortgage to defendant, and the debt secured by it matures after issues are formed under bill and cross-bill, defendant may, by supplemental cross-bill, have foreclosure in the final decree: and if defendant seeks such foreclosure by amendment to his cross-bill instead of supplement thereto, the decree will not be reversed for such lack of technical correctness in pleading.

Foreclosure on Cross-bill.—Appeal from the Circuit Court of Bureau County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

## STATEMENT OF FACTS.

On the 13th of June, 1892, appellant and his wife, to secure the payment of a note for $2,648.09 and interest at the rate of seven per cent, executed and delivered to Patrick Dore a mortgage upon lot thirty-six in the village of Bureau Junction.

On the 10th of July, 1893, they conveyed by warranty deed to Herman Bruner, appellee, forty-five feet off the south side of the lot, subject to the mortgage to Dore. It was recited in the deed that Bruner assumed the payment of the mortgage as part of the purchase money.

When the Dore note and mortgage matured Bruner paid the amount due and took an assignment from Dore. Appellant then demanded that the mortgage be released, and when that was refused, filed a bill praying that it be released and canceled and that fifty dollars be decreed him because of the failure and refusal to release and cancel. Appellees answered, claiming that Bruner in the transaction, was but the agent and trustee for the Peru Beer Company, and that, while the conveyance was in form a deed, it was taken to secure the repayment of certain sums of money advanced and to be advanced.

They also filed a cross-bill in which they set forth that the deed was executed and accepted as security in part for money to be advanced to appellant, that the Dore note and mortgage were paid under an agreement that they should be held by appellees as additional security for money advanced for appellant, and that they held the Dore note and mortgage under that agreement. The bill prays that the deed be declared a mortgage, and that it and the Dore mortgage be declared valid liens.

By an amendment subsequently filed they asked a foreclosure for the money advanced.

Upon a hearing the court found the equities to be with appellees, dismissed the original bill, found that the deed was a mortgage, and ordered an accounting by the master.

W. H. CASSON and A. R. GREENWOOD, attorneys for appellant.

Bernhard v. Bruner.

Fred T. Beers, attorney for appellees.

Mr. Justice Harker delivered the opinion of the Court.

The contention of the appellant is that the transaction of July 10, 1893, whereby the deed of that date to forty-five feet off the south side of the lot in question to Herman Bruner was executed, was a sale, and that Bruner assumed the payment of the Dore note and mortgage as a part of the purchase money. The contention of appellees is that the transaction was a mortgage, and that the deed was executed to secure them in advances they should make appellant, some of which were applied on the Dore note and mortgage.

The evidence in the record shows that appellant, being in hard lines financially and fearing a foreclosure of the Dore mortgage, applied to appellees for $300 to pay interest to Dore, and other debts, and that they would take up the Dore note and mortgage at maturity and allow him two years in which to pay the whole sum so advanced, and as security offered to execute a deed to the whole of lot thirty-six. Appellees consented. It was arranged that appellant and his wife should execute a deed to the lot to Bruner, he being the president of the Peru Beer Company, and on the 6th of July, 1893, an agreement in writing was executed whereby Bruner agreed to reconvey the lot on the payment of $3,000 and interest at the rate of six per cent within two years. Subsequently appellant executed and presented the deed in question, to which the secretary of the Beer Company, A. Hebel, objected on the ground that it did not cover the whole lot, as per the terms of agreement.

There is no serious conflict in the testimony as to what had occurred up to this point. Notwithstanding the testimony of appellant we have reached the conclusion that appellant then represented that the deed would amply secure appellees in the advance money to be then paid, and that when the Dore debt should mature and be paid by appellee they would then have security covering the entire lot, and that the deed was accepted with that understanding.

After considering all the evidence in the case, the negotiations which led up to the execution of the deed, what occurred between appellant and Hebel at the time the deed was accepted, and the subsequent conduct of appellant relative to the property, we can not but approve the finding of the Circuit Court, that the transaction was in the nature of a mortgage, and that it was the agreement that appellees should take up the Dore note and mortgage and have a lien upon the whole lot for its payment.

We do not care to discuss the technical objection that the filing of the cross-bill was premature, further than to say that in view of appellant's original bill and the relief therein sought, it was competent for appellees to present a cross-bill for the purpose of having the deed declared a mortgage, and at the expiration of two years ask for a decree of foreclosure. After the expiration of the two years an amendment to the cross-bill, asking a foreclosure, was filed. It would, of course, have been more in accordance with correct pleading for that matter to have arisen by way of supplement to the cross-bill, but that objection is so extremely technical that we would not be warranted in reversing for that reason.

The court properly refused attorney fees to appellees, as provided by the Dore mortgage. The agreement whereby appellees were to have security upon the whole lot for the advances to be made did not include attorney fees.

Decree affirmed.